**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS D. DEHGHANI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　Defendant. | Case No. **'21CV319 WQHNLS**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ*.**<br><br>JURY TRIAL DEMANDED |

**NOW COMES** CHRIS D. DEHGHANI, through his undersigned counsel, complaining of MIDLAND CREDIT MANAGEMENT, INC., as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

### PARTIES

4. CHRIS D. DEHGHANI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Missouri.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant" or "MCM") is a corporation organized under the laws of Kansas.

7. MCM has its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

8. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of MCM's business is the collection of debt.

9. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. A few years ago, Plaintiff applied for and obtained a personal credit card from CitiBank, N.A. ("CitiBank").

11. Plaintiff made various charges for personal purposes on the CitiBank credit card, amassing a balance.

12. Due to financial hardship, Plaintiff fell behind on his monthly payments on the CitiBank credit card.

13. Eventually, Plaintiff's account fell into default status with an outstanding balance of approximately $8,950.60 ("subject debt").

14. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Shortly thereafter, Midland Funding, LLC obtained the subject debt and placed with Defendant for collection activities on the subject debt.

16. On January 26, 2021, Defendant sent Plaintiff a written correspondence attempting to collect the subject debt ("Midland's Letter").

17. Midland's Letter depicted, in pertinent part:



18.   Defendant's Letter presented various offers to Plaintiff to resolve the subject debt.

19.   Moreover, Midland's Letter expressly stated: "STOP our calls by selecting one of these 3 options" ("the language").

20.   The language implicitly implies that the only way to compel Defendant to cease its collection calls is to select one of the three payment options enumerated in Defendant's Letter.

21.   The language is patently misleading because the FDCPA requires debt collectors to cease communications with a consumer regarding a debt if the consumer requests the same in writing.

22.   Specifically, subject to inapplicable exceptions, §1692(c)(c) of the FDCPA provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or **that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt**…. 15 U.S.C. §1692(c)(c).

23. The language in Defendant's Letter was designed to mislead Plaintiff and other similarly situated consumers into believing that they must make payment on the debt to compel the cessation of the collection calls.

24. However, as set forth above, the FDCPA expressly provides consumers with mechanisms to compel the cessation of communications from a debt collector.

25. The language in Midland's Letter was deliberately designed to mislead Plaintiff and pressure Plaintiff into making a prompt payment on the subject debt in order to compel Defendant to cease its collection calls.

26. The language in Defendant's Letter was deliberately designed to mislead Plaintiff as to his rights and protections under the FDCPA and to obfuscate the same.

## DAMAGES

27. After reading the language in Defendant's Letter, Plaintiff was misled into believing that he had to make payment pursuant to one of the three offers enumerated in Defendant's Letter to compel Defendant to discontinue its collection calls or prevent Defendant from initiating future collection calls.

28. Accordingly, Defendant's misleading representations were material because it impacted Plaintiff's decision to pay the subject debt.

29. Specifically, Plaintiff has very limited means to pay the subject debt and was misled into believing he had to make payment to escape Defendant's harassment.

30. The conundrum created by the language in Defendant's Letter caused Plaintiff significant emotional distress and anxiety due to his limited financial means.

31. It was only after Plaintiff conferred with his counsel did he discover that he does not have to select one of the three payment options enumerated in Defendant's Letter to compel Defendant to cease its collection calls.

4

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

32. Paragraphs 10 to 32 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

34. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

35. Defendant violated 15 U.S.C. §§1692e and e(10) by making deceptive and misleading representations to Plaintiff in an attempt to collect the subject debt.

36. Specifically, it is was inherently deceptive for Defendant to mislead Plaintiff into believing that Plaintiff has to select one of the three payment options to compel Defendant to discontinue its collection calls or otherwise prevent Defendant from initiating future collection calls.

37. As set forth above, the FDCPA provides consumers with mechanisms to compel a debt collector to cease communication with a consumer that do not require the consumer to make a payment on the debt.

38. Accordingly, the language in Defendant's Letter misled Plaintiff as to his rights under the FDCPA.

39. The deceptive language in Defendant's Letter misled Plaintiff in a manner that deprived him of his right to enjoy the protections of the FDCPA.

40. As set forth above, Plaintiff was harmed by Defendant's deceptive collection

practices.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate Sections 1692e and e(10) of the FDCPA;

    b.    Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c.    Awarding Plaintiff his reasonable attorney's fees and costs;

    d.    Awarding any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: February 23, 2021                                        Respectfully submitted,

CHRISTOPHER D. DEHGHANI

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com